THE UNION NATIONAL BANK OF LEWISBURG, PLAINTIFF IN ERROR, v. THOMAS H. HARRISON, MATILDA E. HARRISON, ET AL., DEFENDANTS IN ERROR.

1. **Practice in Supreme Court.** In an equity case, brought to this court on error, where there were two defenses sought to b

set up in the answer, one of them so badly pleaded, that no finding, or judgment thereon, for the defendant could be sustained, but the other defense being sufficiently set up in the answer and sustained by the evidence, and there being a general finding and judgment for defendants, *Held*, That the judgment would not be reversed for the erroneous exclusion of testimony offered by the plaintiff upon and applicable only to the defense so, badly and insufficiently, set up in the answer, although such testimony ought to have been admitted.

2. ————. The equities of the case being all with the defendants, the judgment in their favor upheld.

ERROR to the district court for Gage county. Tried below before DAVIDSON, J.

*A. Hardy,* for plaintiff in error.

*Colby, Hazlett & Bates,* for defendant in error.

COBB, CH. J.

This is an action in equity in the nature of a creditor's bill, brought by the plaintiff to compel the application of certain real property alleged to be the property of the defendant Thomas H. Harrison, but the legal title of which is in the defendant Matilda E. Harrison, to the payment of the plaintiff's judgment against the defendant Thomas H. Harrison. The plaintiff by its petition set out the recovery of its judgment in the district court of Gage county, its recording therein, its non-payment, etc., the issuance of an execution thereon, and its return wholly unsatisfied, the insolvency of the defendant Thomas H. Harrison, and that after incurring the liability upon which said judgment was obtained, etc., "to-wit, on the 24th day of December, 1877, the said Thomas H. Harrison, then being the owner of and having the title deed in himself of the following described lots of land (here follows description), did for the purpose and with a fraudulent intent to hinder, delay, and defraud creditors, * * * and particularly to hinder,

delay, and prevent the collection of plaintiff's said claim, upon which said judgment was rendered, convey by warranty deed, executed by himself and wife, the said defendant Matilda E. Harrison, all of the above described lots of land, to the defendant Samuel C. Smith, * * * that the naked title in and to said premises, so conveyed as aforesaid, remained in said Samuel C. Smith until the 11th day of June, 1880, when, at the request of the defendant Thomas H. Harrison, the defendants Samuel C. Smith and Hattie M. Smith, by quit-claim deed reconveyed said premises * * * to the said defendant Matilda E. Harrison, and for the fraudulent purpose of cheating, defrauding * * * the creditors of said Thomas H. Harrison," etc.

The defendants by their answer admit the making and delivery of the several deeds, but deny that it was for the fraudulent purpose of hindering, delaying, or defrauding creditors out of their lawful right, but that the conveyance to Samuel C. Smith was made as a security to him, the same being for a good and valid consideration. That afterwards, on the 11th day of June, 1880, upon the full satisfaction and full release of said Samuel C. Smith as such security by and with money belonging to the defendant, Matilda E. Harrison, the said Samuel C. Smith, and Netta M. Smith, his wife, conveyed by their deed all their right, title, and interest in and to said lands to the defendant, Matilda E. Harrison, which transaction was *bona fide,* and not made for the fraudulent purpose of hindering or delaying the creditors of the defendant, Thomas H. Harrison.

That the defendant, Matilda E. Harrison, is the wife of the defendant, Thomas H. Harrison. That she had at divers times before said transactions loaned to the defendant, Thomas H. Harrison, large sums of money which was used by him in and about his business, and that the money used in and about the transaction complained of, was the property of the defendant, Matilda E. Harrison, and was

by her inherited from other sources than that of her husband, Thomas H. Harrison. Also that the lands mentoned in the plaintiff's petition are six one-half lots situated in the city of Beatrice, and that the defendants, Thomas H. Harrison and Matilda E. Harrison, husband and wife, reside upon and occupy the land, said premises, as a homestead under the laws of this state, and that they occupied said property as a homestead at the time of the conveyance compained of.

There was a trial to the court, a general finding and judgment for the defendants, and the cause brought to this court on error.

The first point made by plaintiff in his petition in error, and under which head he assigns three errors, is, substantially, that the court refused to receive evidence of the present value of the six lots in question, but confined all testimony as to their value to the date of their purchase and first occupancy as a homestead by the defendants, the Harrisons.

Before discussing this point further I will dispose of the matter of the reply. There appears among the papers in the case a copy of a reply to the defendants' amended answer. This reply seems to have been filed by virtue of a stipulation signed by one of defendants' counsel, months after the trial and judgment, and made to supply the place of one alleged to have been lost at the time of the trial. This reply defendants' counsel in this court moved to have stricken out. Without passing upon the questions raised by counsel as to whether the counsel signing the stipulation had or had not ceased to be counsel in the case at the time of signing it, or whether any original reply had ever been filed, to be lost, and its place to be supplied by stipulation or otherwise, the motion must be denied. It makes no difference with the question presented whether the reply be considered on or off the files of the case. To make that part of the amended answer which purports to

set up a homestead as a defense sufficient for that purpose, requires quite a stretch of liberality in applying the principles of pleading. The allegation in that respect is confined to the use to which the premises were and had been applied by the defendants. To lay a proper foundation for the reception of evidence to establish the defendants right to hold the premises as a homestead, exempt from levy or sale on execution, something more was necessary. The premises must have been claimed in the pleading, and shown in the proofs as "not exceeding in value two thousand dollars," and "not exceeding two lots" in quantity of contiguous land, it being within an incorporated city. This value of the lots claimed as a homestead of course refers to their present value, at the time of the claim and assertion of the claim of right to homestead exemption, and had the question been properly presented in the pleadings, evidence of their then present value alone would have been admissible, and the sustaining of the objection thereto referred to in the petition in error would have been error. But it is manifest that no claim, of homestead exemption, is made by the pleadings which would sustain a special finding for the defendants. Therefore, while it was inconsistent on the part of the court to sustain the objections to the testimony of present value as made, the defendants having taken testimony as to the value of the lots when purchased by them, yet as the evidence was not applicable to any issue properly pleaded, if error at all, it was error, without prejudice.

The next point made by plaintiff is, that the court erred in overruling plaintiff's objections to certain interrogatories (designating them by number) in the deposition of Thomas H. Harrison, and in allowing the answers thereto to be read in evidence.

The first interrogatory embraced in this objection is as follows:

"15. State the facts and circumstances relative to the

conveyance of those lots by yourself and wife on December 24, 1877, to the defendant Samuel C. Smith."

In the plaintiff's own view of the case the facts and circumstances connected with the giving of the deed here under consideration was the very keystone of the case. If it was made and executed *bona fide,* and for a good consideration, then the plaintiff's case must fail. It is true that so far as evidence is concerned, the said deed had scarcely been attacked, yet it will not be seriously questioned that when a party has been brought into a court, charged with the execution of a fraudulent deed, he has the right, at some stage of the trial, to introduce evidence to prove the true character of the deed, to disprove the charge of fraud. The next question objected to falls within the same general character as the above. The third is as follows.

"23. State the facts and circumstances in relation to the conveyance of these lots made by the defendants, Samuel C. Smith and Nettie M. Smith, to the defendant, Matilda E. Harrison, on or about the 11th day of June, 1880?"

This question referred to the deed by virtue of which the defendant, Matilda E. Harrison, holds the title, of which it is sought to divest her in and by this suit. Surely it was competent for her to show by the testimony of her co-defendant, or any one else, who knew the facts, that her said title was not open to the charge of fraud and want of consideration made against it, by the plaintiff. Clearly, the question was not objectionable as being immaterial—the objection which was here made to it. Some of the fourteen other questions objected to were somewhat objectionable as leading, but not sufficiently so to be controlling of the case. The three remaining points may be considered together.

"5. The court erred in its findings of fact and of law in favor of the defendants.

"6. The judgment is against the entire weight of evidence in the case and contrary to law.

" 7. The court erred in overruling the plaintiff's motion for a new trial."

It may be conceded that the plaintiff had made out a *prima facie* case against the defendants by the record testimony. But this case depended, in no small degree, upon the want of adequate consideration expressed in the deeds from Harrison and wife to Smith, and from Smith and wife to Matilda E. Harrison, and the relationship of husband and wife existing between Thomas H. Harrison, the party in whom the title originally vested, and Matilda E. Harrison, the party in whom it now vests. I think that, were the case submitted on the evidence of this change of title without explanation, although there be no proof of actual fraud, the plaintiff would recover, and the lots be held to pay the judgment. And this, on the ground that, so far as the court could see by the light of evidence, the lots must be held to be the property of Thomas H. Harrison.

But this change of title may be shorn of its damaging effect by showing, if it be true, that the property was before, and independent of the change of title, really and equitably the property of Matilda E. Harrison. It apappears from the testimony of the defendant, Thomas H. Harrison, that the means by which the lots were originally purchased belonged to Matilda E. Harrison, and constituted a part of an estate inherited from her mother. These funds were at first invested in a homestead in the city of Janesville, Wisconsin. This homestead was sold and payment taken in a quantity of land in Gage county, Nebraska, and $2,000 in money. The land was taken in the name of Matilda E. Harrison. With the $2,000 in money the lots in Beatrice, constituting the subject of this action, were purchased, and the title taken in the name of Thomas H. Harrison. So matters stood when it became necessary for Thomas H. Harrison to secure, and finally to pay to the First National Bank the sum of $2,000. For this pur-

43

pose the six lots were conveyed by Harrison and wife to Samuel C. Smith, the cashier of the bank. Then the lands in Gage county purchased with the money of Matilda E. Harrison, as above stated, and standing in her name, were sold, and with the money derived from the sale the bank was paid off. And thereupon, by direction of Thomas H. Harrison, the lots were reconveyed by Samuel C. Smith to Matilda E. Harrison.

If the above is a true statement of the case then it must be obvious that all of the equities of the case are with the defendant, Matilda E. Harrison. Not only were the lots really hers, as having been purchased with her means, but she had also paid for them the second time, by paying out of the proceeds of her Gage county property the debt to the bank for which the lots were equitably mortgaged.

Is the above a true statement of the facts of the case? It must have been so regarded by the court which tried the cause, and must be so considered by this court. It may not be improper to say that the testimony is not sufficiently conclusive to shut out every doubt or suspicion. Nor the case absolutely clear of suspicious circumstances. But the evidence is all on one side; it is unimpeached and quite susceptible of belief.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.